CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 4 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| AAA MID-ATLANTIC INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:13cv00118 |
| | ) | |
| v. | ) | |
| | ) | |
| TAWNYA FAITH BROADDUS, et al., | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

The court held a hearing on this matter on March 19, 2014. At the hearing, the parties indicated that plaintiff had settled its claims as to two of the three defendants: Tawnya Faith Broaddus and Kelly L. Grugan. Plaintiff indicted that it intended to move for a default judgment against the remaining defendant, Richard A. Yarmy. The court, however, finds that it lacks jurisdiction over Yarmy and therefore will remand this case to state court.

This declaratory judgment action was originally filed in Virginia state court, specifically Frederick County Circuit Court. Defendant Broaddus filed a notice of removal pursuant to 28 U.S.C. § 1441(a). The Supreme Court has construed the removal statute to require all defendants in a case to join in or consent to removal, creating the so-called "rule of unanimity." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citing Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 741 (4th Cir. 2013)). This rule holds that "all defendants must *affirmatively and unambiguously* assert their desire to remove the case to federal court." Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 642 (E.D. Va. 2003) (emphasis original) (citing Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992)).

After the settlement, the only defendant remaining in this case is Yarmy, who has failed to file an answer and is thus in default. However, any assumption that a defendant in default does not have to consent under the rule of unanimity for removal to be proper is "not supported by the case law." Alanis v. Wells Fargo Nat. Ass'n, No. SA-11-CV-800-XR, 2012 WL 113725, at *2 (W.D. Tex. Jan. 12, 2012). Indeed, a survey of the relevant persuasive authority indicates just the opposite: there is no exception to the rule of unanimity for a defaulting defendant. Id. at *2-3 (discussing, in the following order, Carr v. Mesquite Indep. Sch. Dist., No. 3:04–CV–0239, 2004 WL 1335827 (N.D. Tex. June 14, 2004) (remanding where the removing defendant failed to acquire the consent of party against whom plaintiff had taken an interlocutory default judgment); Am. Asset Fin., LLC v. Corea Firm, 821 F. Supp. 2d 698 (D.N.J. 2011) (rejecting the argument that a defaulting party is a nominal defendant and thus an exception to the rule and thus remanding because the case had been removed without the consent of the defaulting party), White v. Bombardier Corp., 313 F. Supp. 2d 1295 (N.D. Fla. 2004) (considering the possibility that, under certain circumstances, there could be an exception to the rule as to a defaulting defendant that fails to appear, but decline to apply such a exception where the removing defendant had not shown that it had unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent); First Independence Bank v. Trendventures, L.L.C., No. 07-CV-14462, 2008 WL 253045 (E.D. Mich. Jan. 30, 2008) (rejecting the possibility raised by White of an exception to the rule for a party in default, noting that White failed to cite any federal law in support of such an exception and that no appellate court had adopted it); Office Building LLC v. Castlerock Sec., No. 10–61582, 2011 WL 1674963 (S.D. Fla. May 3, 2011) (holding that so long as the defaulted party remains part of the lawsuit, even after final default judgment was entered against it, failure to obtain its consent renders removal defective)).

Based on foregoing authority, removal in this case is defective because Yarmy has not consented to it. As such, the court is compelled to remand this matter to the Circuit Court of Frederick County. An appropriate Order will be entered this day.

Entered: April 4, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge